# THE ATTORNEY GENERAL
# OF TEXAS



March 16, 1971

Honorable J. C. Dingwall
State Highway Engineer
Texas Highway Department
Austin, Texas 78701

Opinion No. M- 811

Re: Right of estates of de-
ceased state regular
"hourly employees" to
recover for vacation and
sick leave due deceased
employee.

Dear Mr. Dingwall:

You have advised us that the State Comptroller has
interpreted Attorney General Opinion No. M-731 (1970) as hold-
ing, in effect, that it is necessary that a regular "hourly
employee" be a classified salaried employee in order to author-
ize death settlements to their estates and for vacation and
sick leave. Our opinion is now requested on how payments may
be secured to the estates of deceased state regular hourly
employees on the same basis as payment is prescribed to be made
to the estates of classified salaried employees.

You state, in part, that

"The Claims Division of the State Comptroller's
Office has refused payment of the death settlement
to the estate of one of our regular hourly employees
because they interpret this Opinion as making it
necessary that an hourly employee be a classified
salaried employee. . . Prior to the issuance of
Opinion M-731 we were able to pay 115 death settle-
ments, one-half being to estates of deceased hourly
employees. . ."

Our Opinion M-731 did not specifically consider the
status or right of the estates of deceased state regular hourly
employees to recover for vacation and sick leave. So-called
"hourly employees" are expressly exempted from the Position
Classification Act, Article 6252-11, Vernon's Civil Statutes,
Section 2, fourth paragraph, along with part-time and temporary
employees.

Certain specified "hourly employees" are entitled to
accumulated vacation and sick leave under Article 6252-8a,

Vernon's Civil Statutes, and under the General Appropriation Bill, House Bill 2, 61st Legislature, 1969, 2nd Called Session. Article 6252-8a, providing for payments of accumulated vacation and sick leave to estates of state employees, covers ". . . any appointed officer or employee in a department of the state who is employed on a basis or in a position normally requiring not less than 900 hours per year. . ." (emphasis added) and not otherwise thereinafter excepted from the coverage.

Article V, Section 7f of the General Appropriation Bill (supra, p. 1017 of the Session Laws) provides that funds appropriated in that act for salaries and wages

"may be paid for all of the employee's accumulated vacation leave and for one-half of his accumulated sick leave to the estate of an employee when said employee dies while employed by the State of Texas. The payment shall be calculated at the rate of compensation being paid the employee at the time of his death." (emphasis added).

While Section 7a of Article V of this Bill makes certain provisions for vacation and leave entitlements as to "annual employees", there is no prohibition therein excluding entitlement to the estates of deceased regular hourly employees who are

". . .employed on a basis or in a position normally requiring not less than 900 hours per year. . ."

and whose term of employment is contemplated to be, and does in fact continue for, the entire calendar year under the terms of that employment. This Section 7a does provide, however, that

"No employee shall be allowed any paid vacation entitlement until he has had continuous employment with the State for six (6) months."

We have concluded, therefore, that neither Article 6252-8a nor the General Appropriation Act (H. B. 2, 61st Leg., Acts 1969, 2d C.S.) makes it necessary that an "hourly employee" be a classified salaried employee in order that his estate, upon his death, become entitled to recover for accumulated vacation and sick leave, providing the foregoing statutory conditions are met and no General Appropriation Act conditions are violated.

Each state department head must make the factual determination as to whether the regular hourly employee "is employed on a basis or in a position normally requiring not less than 900 hours per year" and whose term of employment is contemplated to be and does in fact continue for the entire calendar year under the terms of that employment. If the hourly employee is so employed, his estate upon his death is entitled to recover for any accumulated vacation and sick leave the employee has accrued under the law, and provided no condition of the appropriation grant is violated. If the hourly employee is found not to be employed on this basis, then his estate is not entitled to recover for accumulated vacation or sick leave time. For the purpose of paying accrued vacation and sick leave upon the death of such an hourly employee, his estate should be paid for the same number of calendar days as to which the employee would have been entitled had he lived and claimed such vacation and sick leave on the date following the date of his death and until such accrued leave time expires.

## S U M M A R Y

The estates of regular "hourly employees" are entitled to recover for accrued vacation and sick leave under Article 6252-8a, V.C.S., providing the decedents are employed on a basis or in a position normally requiring not less than 900 hours per year, and if not otherwise excepted from the statute, and provided no condition of the grant is violated by the General Appropriation Act (H. B. 2, 61st Leg. 1969, 2d C.S.). The estates should be paid for the same number of calendar days as to which the employee would have been entitled had he lived and claimed such vacation and sick leave on the date following the date of his death and until such accrued leave time expires.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By Nola White
Nola White, First Assistant

-3940-

Honorable J. C. Dingwall, page 4 (M-811)


Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman
J. C. Davis
John Reeves
S. J. Aronson
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant